# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

Marc Henry Smith,

    Plaintiff,

v.

Randy Dockery, *et al.*,

    Defendants.

Case No. 2:20-cv-02261-JAD-BNW

**ORDER re ECF No. 18**

    Before the Court is Defendants' motion to seal. ECF No. 18. No opposition has been filed.

**I.      Legal Standard**

    Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178–79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well, as long as the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a non-dispositive motion that are not more than tangentially related to the merits of the case. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *Ctr. for Auto Safety*, 809 F.3d at 1101. "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at 1179).

Here, Defendants seek to file the video and audio recordings attached to their motion for summary judgment under seal. They explain that these exhibits contain personal identifying information, including dates of birth and social security numbers, and that they have no capability of redacting this information from the recordings.

The exhibits in question are related to a dispositive motion. Accordingly, the compelling reason standard applies. Based on the argument provided, the Court finds compelling reasons exist to seal these exhibits as the information in question include dates of birth and social security numbers.

**IT IS THEREFORE ORDERED** that Defendants' motion to seal (ECF No. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within one week of this Order, Defendants shall provide a copy of Exhibits D, E, K, L, and M to the Clerk of Court, who shall maintain them under seal.

**IT IS FURTHER ORDERED** that Defendants provide a copy of these Exhibits to Judge Dorsey (in the event they have not already done so) within one week of this Order.

**IT IS FURTHER ORDERED** that the hearing set for February 10, 2022 is vacated.

DATED: January 7, 2021.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE